UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNNE BELL,

        Plaintiff,

v.                                   Case No. 8:16-cv-2916-T-35AEP

COMMISSIONER OF SOCIAL
SECURITY,
        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Plaintiff's Motion for Attorney's Fees Pursuant to Equal Access to Justice Act ("EAJA") (Doc. 27) and Defendant's response in opposition (Doc. 28). Upon consideration, the undersigned recommends that Plaintiff's Motion be granted.

**I.    Background**

On March 27, 2018, upon consideration of the undersigned's Report and Recommendation ("R&R") (Doc. 22), the District Court entered an Order declining to adopt the R&R and reversing and remanding the case for calculation and award of disability benefits pursuant to 42 U.S.C. § 405(g) (Doc. 25). Thereafter, the Clerk entered judgment in favor of Plaintiff (Doc. 26). As the prevailing party, Plaintiff now requests an award of attorney's fees in the amount of $2,798.82 pursuant to the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Defendant objects to Plaintiff's request for Attorney's fees arguing that Defendant's position was substantially justified.

**II.     Standard**

Once a prevailing party has filed a timely application for fees against the United States, the EAJA directs a court to award such fees if the Government's position was not "substantially justified." *Commr., I.N.S. v. Jean,* 496 U.S. 154, 154 (1990) (citing 28 U.S.C. § 2412(d)(1)(A)). "The standard for substantial justification is one of reasonableness. The government must show that its case had a reasonable basis both in law and fact." *Stratton v. Bowen*, 827 F.2d 1447, 1449 (11th Cir. 1987). Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees. *Myers v. Sullivan*, 916 F.2d 659, 667 (11th Cir. 1990).  However, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified."  *White v. U.S.*, 740 F.2d 836, 839 (11th Cir. 1984).

**III.    Discussion**

Here, the Commissioner argues that its position was "substantially justified" as demonstrated by the undersigned's R&R, recommending affirmance of the ALJ's decision.  The undersigned finds, however, that given the unequivocal reasons provided by the District Court to reject the ALJ's decision, Plaintiff is entitled to attorney's fees.

At the heart of the District Court's decision was the issue of whether Plaintiff met the requirements of Listing 12.05(C) for an intellectual disability. The Listings were designed to operate as a presumption of disability that makes further inquiry unnecessary and thus require an impairment preventing an adult from performing *any* gainful activity rather than just substantial gainful activity. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).  Conditions found in the Listings are "irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform her past relevant work or any other jobs." *Richardson v. Apfel*, 44 F. Supp. 2d 1264, 1265 (M.D. Fla. 1998) (citations omitted).  Therefore, a court's finding

2

that a plaintiff has met a Listing supports a decision to reverse a case without remanding for further consideration of the Commissioner. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (remanding to the district court for entry of an order directing the commissioner to award benefits where the court found that a plaintiff met Listing 12.05 (c)).

In rejecting the ALJ's decision that Plaintiff did not meet the requirements of the Listing, the Court found that "Plaintiff [was] entitled to the rebuttable presumption that she manifested Listing level deficits in adaptative functioning before the age of 22" (Doc. 25 at 8). Specifically, the Court found that Plaintiff's IQ scores on record were valid, despite the ALJ's reasoning on the contrary (*Id.*). On this issue, the Court further found that the record was "replete and uncontroverted on the point that Plaintiff suffer[ed] from narcolepsy that adversely affect[ed] her intellectual functioning." (*Id.* at 7). Additionally, the Court found that "Plaintiff's activities of daily living reflected a deficiency in adaptative functioning consistent with . . . a full[-]scale IQ ranging from 63 to 70" (Doc. 25 at 9). Given the Court's unequivocal finding that "the ALJ's decision . . . was not based on substantial evidence" (Doc. 25 at 5) and given the special nature of the Listings in social security cases, the Commissioner's position was not substantially justified and Plaintiff should be entitled to an award of attorney's fees.

Finally, based on the undersigned's own knowledge and experience, and for the reasons set forth in Plaintiff's motion, the undersigned concludes that both the hours expended, and the hourly rate requested by Plaintiff's attorney are fair and reasonable.[2]

Accordingly, it is hereby

RECOMMENDED:

---

[2] Plaintiff requests an award of attorney's fees for 14.6 hours expended at an hourly rate of $191.70 (Doc. 27-1).

1. Plaintiff's Motion for Attorney's Fees Pursuant to Equal Access to Justice Act (Doc. 27) be GRANTED.

2. Plaintiff be awarded attorney's fees in the amount of $2,798.82.

IT IS SO REPORTED in Tampa, Florida, on this 7th day of August, 2018.

ANTHONY E. PORCELLI
United States Magistrate Judge

4

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:    Hon. Maria S. Scriven
       Counsel of Record